IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Scott Bauer # 06720-073       ) | |
|       ) | Civil Action No. 6:16-807-RMG-KFM |
|                Petitioner,  ) | |
|       ) | **REPORT OF MAGISTRATE JUDGE** |
|          vs.      ) | |
|       ) | |
| Warden FCI Williamsburg,    ) | |
|       ) | |
|            Respondent.  ) | |

This matter is before the court on the respondent's motion for summary judgment (doc. 18).  The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c)(D.S.C.), this magistrate judge is authorized to review petitions for relief and submit findings and recommendations to the district court.

The respondent filed the motion on July 8, 2016 (doc. 18).  On July 11, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the motion to dismiss and summary judgment procedures and the possible consequences if he failed to adequately respond to the motion (doc. 19).  On August 12, 2016, the petitioner filed a response in opposition to the motion (doc. 21).

## FACTS PRESENTED

The petitioner is an inmate currently incarcerated at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina.  He is serving a 30-month term of incarceration imposed by the United States District Court for the District of South Dakota for carrying a firearm during a drug trafficking crime.  The petitioner's projected release date is March 20, 2022, via Good Conduct Time ("GCT") release (doc. 18-2).

In his Section 2241 petition, the petitioner challenges an administrative disciplinary action he received on April 4, 2014, for possessing intoxicants while incarcerated at the Federal Correctional Complex ("FCC Low") in Petersburg, Virginia (doc. 1-1, p. 3; doc. 18-3, p. 1). On this date, Officer R. Mullins was conducting rounds in the basement of Lee Hall when he saw the petitioner putting a bottle of red liquid inside a locker assigned to Cell 20 (doc. 1-3, p. 2; doc. 18-11, Incident Report No. 2567641, pt. I, § 11). Consequently, Officer Mullins conducted a shakedown of the locker and found a funnel, eleven 20 ounce bottles, and a gallon bottle of red liquid. The liquid was confiscated and tested with an Alco-Sensor IV. The substance tested positive for .054 percent alcohol (doc. 18-11, pt. I, § 11). At approximately 7:50 p.m., Officer Mullins prepared an incident report charging the petitioner with Possession of Any Narcotics, Marijuana, Drug, Alcohol, Intoxicants or Related Paraphernalia Not Prescribed for the Individual by the Medical Staff in violation of Code 113 (*id*., pt. I, § 9). The incident report was delivered to the petitioner the next day, April 5, 2014, at 11:31 a.m. (*id*. §§14-16). The incident report described the prohibited act with which the petitioner was being charged (*id*. §§ 9-11). On the same day, the matter was referred to a lieutenant for investigation (*id.*, pt. III). The petitioner was advised of his rights, made a statement, and did not request witnesses (*id*. §§ 23-25). After the body of the report was read to the petitioner, he made the following statement when questioned about the incident: "That's right" (*id*. § 24). The investigating officer determined the report was accurate and the charge valid and referred the matter to the Unit Discipline Committee ("UDC") for further review (*id*. §§ 26-27).

The UDC hearing was conducted on April 10, 2014 (*id*., pt. II, § 21). The petitioner was advised of his right to remain silent during the UDC hearing and/or during any stage of the disciplinary process, and informed that his silence could be used to draw an adverse inference against him (*id*. § 23). The petitioner stated, "It's mine. I take my responsibility" (*id*. § 17). Due to the contents of the report, the petitioner's admission, and

2

supporting documents, the UDC referred the matter to the Disciplinary Hearing Officer ("DHO") (*id*. §§ 18B, 19).

On April 9, 2014, the petitioner was given written notice of a hearing before the DHO as well as his rights at the DHO hearing (doc. 1-3, pp. 3, 5). On the same day, the petitioner elected not to request a staff representative or call witnesses (*id*.). On April 17, 2014, a hearing before the DHO was conducted (*id.*, pp.6-8). The petitioner was present, advised of his rights, and he stated that he understood (*id.*, p. 6 § III). The petitioner again declined the assistance of a staff representative and did not wish to have witnesses testify (*id*. §§ II, III.C). The petitioner made the following initial statement: "I take responsibility for it. It was a gallon of wine" (*id*. § III.B). After consideration of all the evidence, the DHO found that the petitioner committed the prohibited act of Possession of Any Narcotics, Marijuana, Drug, Alcohol, Intoxicants or Related Paraphernalia Not Prescribed for the Individual by the Medical Staff in violation of Code 113 (*id.*, p. 7, § IV). The DHO considered the written statement of Officer Mullins and the petitioner's three separate admissions (*id.*, pp. 6-7, § III.D, V). The DHO found the greater weight of the evidence of the officer's written account of the incident and the petitioner's admissions showed he committed the prohibited act as charged (*id.*). The DHO imposed sanctions including disallowance of 41-days of GCT, forfeited 27 days of non-vested GCT, 30-days disciplinary segregation, and six months loss of commissary (*id.*, p. 7, § VI.). The DHO prepared a written report, which is dated May 8, 2014, detailing her decision, the evidence relied upon, and the reasons for the sanctions imposed (*id.*, pp. 6-8). A copy of the DHO's decision was delivered to the petitioner on May 14, 2014 (*id.*, p. 8, § IX).

The petitioner appealed this decision through the administrative remedy process to the Regional and Central Offices and received responses from both offices (doc. 18-4). On June 4, 2014, the Mid-Atlantic Regional Office received a remedy appeal from the petitioner requesting a 60-day extension to file his appeal in regard to Incident Report

3

No. 2567641, for incident date April 4, 2014 (*id*.; doc. 18-5). The petitioner claimed that since he was in the Special Housing Unit ("SHU"), he could not conduct legal research to file an appeal (doc. 18-5).

On June 5, 2014, the petitioner's initial Regional Administrative Remedy Appeal was rejected because he failed to attach a copy of the DHO report (doc. 18-6). On June 18, 2014, the Regional Office received the petitioner's second appeal in regard to Incident Report No. 2567641 (docs. 18-4, 18-7). In this appeal, the petitioner clearly identified he was appealing the charge he received on April 4, 2014, and the DHO hearing that was held on April 17, 2014 (doc. 18-7). The petitioner asked for a 60-day extension to file his appeal because he was transferring to another institution (*id*.).

On August 5, 2014, the Regional Office upheld the disciplinary action and sanctions in the DHO decision of April 17, 2014, regarding the incident that occurred on April 4, 2014 (doc. 18-8). The Regional Director stated that the DHO considered the evidence, including the petitioner's admission that he had intoxicants in his possession, and found that the petitioner committed the prohibited act based on the greater weight of the evidence (*id*.). The Regional Director found that the DHO adequately explained to the petitioner the specific evidence relied on to find that he committed the prohibited act (*id*.). The Regional Director also found that the disciplinary procedures were substantially followed and denied the petitioner's appeal (*id*.). The petitioner appealed the Region's denial to the Central Office on September 15, 2014 (docs. 18-4, 18-9). In his appeal, the petitioner detailed the reasons why the incident report should be expunged (doc. 18-9). On May 9, 2016, the Central Office responded to and denied the petitioner's appeal (doc. 18-10). The petitioner was informed that neither policy nor federal regulation require a non-BOP employee to serve as the decision maker in DHO hearings (*id*.). The Central Office found that the petitioner failed to state any basis or provide any evidence substantiating his claim of bias by the DHO other than his conclusory allegation. It was

4

noted at the DHO hearing that the petitioner had no documentary evidence to present and voiced no objections or concerns regarding the disciplinary process. Moreover the petitioner admitted guilt (*id*.). The Central Office found that there was no evidence suggesting the petitioner was denied a fair hearing and that the incident report did not warrant expungement. The Central Office concluded that the DHO's decision was reasonable and supported by the evidence (*id*.).

## FEDERAL PETITION

In his Section 2241 petition filed on March 11, 2016, the petitioner alleges four grounds for relief. In Ground One, the petitioner contends that the BOP's Regional Office abused its discretion and violated his due process rights when they denied his request for additional time to file his appeal of the DHO's decision (doc. 1, p. 8). In Ground Two, he claims the DHO was not an unbiased, independent fact-finder as required by law (*id*.). In Ground Three, the petitioner contends he could not have committed the infraction as set out in the DHO's report because he was not housed at FCC Petersburg Medium on April 4, 2014 (*id*., p. 9). In Ground Four, he argues that he was prejudiced because he was denied the right to attend administrative detention reviews that were held every seven days while he was in the SHU (*id*., p. 10). He requests the incident report be expunged and his GCT restored "or in the alternative, to remand to the Region to reset the time for filing the BP-10" (*id*., p. 9).[1]

---

[1]The grounds alleged and the requested for relief are substantially the same as that presented in another Section 2241 petition filed by the petitioner in this court. *See Bauer v. Warden*, 6:16-cv-304-RMG-KFM, doc. 1. That case involves a separate incident in which the petitioner was charged on February 1, 2014, with Possession of Any Narcotics, Marijuana, Drug, or Alcohol, Intoxicants or Related Paraphernalia Not Prescribed for the Individual by the Medical Staff in violation of Code 113, and a DHO hearing on that charge that was held on February 19, 2014. A report and recommendation on the respondent's motion for summary judgment in that case is being filed simultaneously with this one.

## APPLICABLE LAW AND ANALYSIS

### *Exhaustion of Remedies*

The respondent agrees that the petitioner has exhausted his administrative remedies as to the allegations set forth in his petition.  However, the respondent argues that the Regional Administrative Remedy Appeal, 781906-R2, filed by the petitioner and attached to his petition, is not consistent with the incident report and the DHO's decision challenged in the petition at issue here (*see* doc. 1-3, pp. 2, 6-18).   Apparently the confusion arises because, as noted above, the petitioner received two separate incident reports on February 1 and April 4, 2014, involving charges for Possession of Any Narcotics, Marijuana, Drug, or Alcohol, Intoxicants or Related Paraphernalia Not Prescribed for the Individual by the Medical Staff in violation of Code 113 (doc. 18-3, p. 1).  A DHO hearing was held for the February 1st incident on February 19, 2014.  The DHO hearing for the April 4th incident was held on April 17, 2014, and the DHO's report following that hearing is at issue here  The petitioner was found to have committed the prohibited acts as charged on both dates (*id*.).  Subsequently, he filed two separate Section 2241 petitions challenging the DHO's decisions, but he relied on the wrong administrative remedy appeals in each petition. *See Bauer v. Warden*, 6:16-cv-304-RMG-KFM, doc. 1; *Bauer v. Warden*, 6:16-cv-807-RMG-KFM, doc. 1.  Nonetheless, the respondent does not dispute that the petitioner has exhausted his administrative remedies.

### *Standard of Review*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

6

(1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Due Process**

When a prisoner faces the possible loss of good-conduct credits in prison disciplinary proceedings, he is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Specifically, *Wolff* requires: (1) at least 24 hours advance written notice of the charges; (2) a written statement by the fact-finder as to evidence relied upon in decision; (3) a written statement by the fact-finder as to the reason for disciplinary action taken; (4) an opportunity to call witnesses and present documentary evidence, if institutional safety will not be jeopardized; (5) counsel substitute if the inmate is illiterate or the case is complex; and (6) an impartial hearing tribunal. *Id.* at 563-71.

7

The record of the petitioner's DHO hearing reflects that the due process requirements of *Wolff* were observed. The petitioner was given advance written notice of the charges more than 24 hours before the hearing (doc. 1-3, p. 2; doc. 18-11). He was offered the opportunity to present evidence in the form of documents or witnesses and to have the assistance of a staff representative (doc. 1-3, pp. 3-6). The petitioner waived his right to the assistance of a staff representative and his right to have witnesses (*id.*). He admitted the charge against him (*id.*, p. 6, §§ III.A & B). The hearing record further reflects the DHO's decision, the evidence relied upon, the reasons for her decision, and the sanctions imposed (*id.*, pp. 7-8, §§ V-VII). Here, the record indicates that the respondent complied with the minimal due process requirements of *Wolff*.

The petitioner asserts that the disciplinary hearing denied him due process in several respects. First, he claims that the BOP's Regional Office abused its discretion and violated his due process rights when they denied him additional time to file his administrative appeal of the DHO's report (doc. 1, p. 8). He alleges that while in the SHU he was "unable to access the Law Library except for 1-2 hours a week at best. The printer was broken and one of the computers was down" (doc. 1-2, p. 5). He also claims that he could not access his personal legal materials as the materials were packed in storage for the transfer (*id.*). The petitioner claims that receiving the DHO report late coupled with his transfer caused him undue hardship and forced him to miss the timeframe for filing a BP-10 to the Regional Office (*id.*).

As argued by the respondent, the petitioner did not, in fact, receive a copy of the DHO report late. Bureau of Prisons policy provides that the DHO will give the inmate a copy of the decision ordinarily within 15 working days of the decision. *See Huang Mahsukhani*, C.A. No. 4:16-1269-BHH, 2016 WL 6694530, at *3 (D.S.C. Nov. 16, 2016) (noting that 15-day period to receive DHO decision is not mandatory, and petitioner failed to show that receipt outside the *ordinary* 15-day period violated his due process rights)

(emphasis in original). The DHO signed the report on May 8, 2014, and the petitioner received it seven days later on May 14, 2014 (doc. 1-3, p. 8, § IX). Thus, there was no delay in receiving the report that would have an adverse impact on the petitioner filing an appeal.

Further, the petitioner also does not have a constitutional right to the grievance process or an extension to file a grievance. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, when the petitioner resubmitted his second request/appeal to the Regional Office, dated June 12, 2014, he would have had a copy of the DHO report, which he received on May 14th. At that time, the petitioner had a month before he left FCC Medium and time to file an appeal (doc. 18-1). The Region reviewed the petitioner's request for an appeal of the DHO's decision and found the DHO's decision was supported by some evidence (doc. 18-8). Thus, the petitioner's appeal was denied (*id*.). The petitioner, instead of appealing for the Region not ruling on his extension, appealed the DHO's report to the Central Office, detailing why he felt his due process rights were violated (doc. 18-9). On May 9, 2016, the Central office denied the petitioner's appeal (doc. 18-10). Therefore, based on the above, it is clear that the petitioner's due process rights were not violated in this regard.

The petitioner further claims the DHO was not an unbiased, independent fact-finder (doc. 1, p. 8). An inmate facing disciplinary charges does have the right to an impartial decision maker. *Wolff*, 418 U.S. at 571. In order to prevail on a deprivation of due process claim, a defendant must show that the decision maker displayed "a level of bias that made 'fair judgment impossible.'" *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the petitioner makes conclusory statements that the DHO-in-question "was not a neutral finder-of-fact as required by Law during my DHO Hearing" (doc. 1-2, p. 5). He contends that the DHO was "abrasive and disrespectful for a professional 'on the record' hearing where I had Good Conduct Time at

risk.  She never asked how I plead nor allowed me to present any evidence in support of my defense.  Therefore, she denied me the right to present any defense" (*id.*, pp. 5-6).  The petitioner has failed to provide any evidence – other than his own conclusory allegations – that the DHO was not an impartial decision maker.

In the petitioner's third ground, he contends that Section V of the DHO's decision is impermissible because the DHO referred to him being at FCC Medium when he committed the prohibited act, although he in fact was not housed at FCC Medium at that time (doc. 1-2, p. 6; *see* doc. 1-3, p. 7, § V).  The petitioner was at FCC Low when he committed the offense and was given Incident Report No. 2567641 (docs. 18-1, 18-11).  After being charged, the petitioner was transferred to the SHU in FCC Medium (doc. 18-1).  The DHO hearing was then conducted at FCC Medium, while the petitioner was still in the SHU (doc. 18-1; doc. 1-3, pp. 6-8).  The petitioner has not shown that this typographical error caused him any prejudice. Although the DHO refers to the wrong institution in the DHO report, such error is harmless and does not amount to a due process violation. *See Marin v. Bauknecht*, C.A. No. 8:07- 0165-JFA-BHH, 2007 WL 3377152, at *4 (D.S.C. Nov. 9, 2007) (typographical error on DHO report was harmless and did not cause petitioner to be prejudiced) (citing *Brown v. Braxton*, 373 F.3d 501 (4th Cir. 2004) (holding even if hearing officer erred in not calling a witness, petitioner has not demonstrated that he was harmed); *Powell v. Coughlin*, 953 F.2d 744, 750 (2d. Cir. 1991) (applying harmless error to prison disciplinary proceedings)).

The petitioner also claims he was prejudiced when he was denied the opportunity to attend weekly and monthly SHU reviews as set forth in policy (doc. 1, p. 10; doc. 1-2, pp. 7-8).  He claims because he was not allowed to attend the status review he was unable to "to access any information nor evidence in [his] defense" (doc. 1-2, p. 7).  He relies on BOP policy providing for review of an inmate's status after seven days of continuous detention in administrative detention or disciplinary segregation. *See* 28 C.F.R.

§ 541.26(b).  As argued by the respondent (doc. 18, p. 14), attendance at SHU reviews is irrelevant to the due process requirements set forth in *Wolff* as it pertains to the disciplinary hearing process.  Moreover, such a claim does not relate in any way to the execution of the petitioner's sentence, and thus it is inappropriate for a Section 2241 petition. *See Huff v. Ziegler*, C.A. No. 2:10cv89, 2010 WL 5536308, at *3 (N.D. W. Va. Aug. 20, 2010) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973)), *R&R adopted by* 2011 WL 43021 (N.D. W. Va. Jan. 6, 2011).

Based upon the foregoing, the respondent's motion should be granted as to the petitioner's claims of violations of procedural due process in connection with the disciplinary hearing.

Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56 (citations omitted).  "Judicial review of prison disciplinary actions is therefore limited solely to a determination as to whether there is evidence in the record to support the DHO's decision."  *Kerr v. Rogers*, C.A. No. 5:16-cv-278-MGL-KDW, 2016 WL 5109544, at * 4 (D.S.C. Sept. 12, 2016), *R&R adopted by* 2016 WL 5076074 (D.S.C. Sept. 20, 2016) (citations omitted).

The petitioner claims that he was coerced by his counselor to plead guilty in consideration of the promise made by the counselor that he would "make sure 'they' went easy on [him]" (doc. 1-2, pp. 8-9).  The petitioner had a choice to call the counselor as a witness, ask for him to be his staff representative, or to tell the DHO the alleged arrangement he made with his counselor. However, the "mere fact that Petitioner has some

evidence with which he could craft a defense to the disciplinary charges is wholly irrelevant in a § 2241 petition." *Antonakeas v. Sherman*, C.A. No. 05-305, 2006 WL 3421858, at *3 (W.D. Pa. Nov. 28, 2006).  Here, the DHO's decision is clearly supported by some evidence given the written statement of Officer Mullins and the petitioner's three separate admissions, including his statement at the hearing, "I take responsibility for it.  It was a gallon of wine" (doc. 1-3, pp. 7-8, §§ III.D, V).  Accordingly, the evidence was sufficient to satisfy the requirements of due process.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the respondent's motion (doc. 18) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

January 6, 2017
Greenville, South Carolina

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).