IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Scott Bauer, | ) | Case No. 6:16-807-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Scott Bauer is a federal inmate incarcerated at the Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. Petitioner is proceeding *pro se* and seeks habeas relief under 28 U.S.C. § 2241, challenging an administrative disciplinary action imposed on him on April 4, 2014 for possession of intoxicants while incarcerated. The Respondent, Warden FCI Williamsburg, has filed a motion for summary judgment. (Dkt. No. 18.) This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this Court grant Respondent's motion for summary judgment. (Dkt. No. 23.)

**Facts**

Details about how the incident at issue transpired are not in dispute[1] and are outlined in detail in the R&R. (Dkt. No. 23 at 2-5). The Court reiterates them only briefly here. On April 4, 2014, the officer on duty observed Petitioner placing a bottle of red liquid inside a locker assigned to Cell 20. The substance tested positive for alcohol. The officer drafted an incident report that evening describing the charges and gave the description to Petitioner to review. In response to reviewing the report, Petitioner stated "That's right." (Dkt. No. 18-11 at 2.) The

---

[1] The Court acknowledges that Petitioner has stated he did not produce the alcoholic substance.

-1-

investigating officer determined that the incident report was accurate and referred the matter to the Unit Discipline Committee ("UDC") for further review. At the UDC hearing several days later, Petitioner stated "It's mine. I take my responsibility." (Dkt. No. 18-11 at 1.) The UDC referred the matter to the Disciplinary Hearing Officer (DHO), and Petitioner was given written notice on April 9, 2014 that he would have a hearing in front of the DHO. At his DHO hearing on April 17, 2014, petitioner stated, "I take responsibility for it. It was a gallon of wine." (Dkt. No. 1-3 at 6.) Petitioner declined the assistance of a staff representative at both his UDC and DHO hearings. Taking into account all available evidence, including Petitioner's admissions to the offense, the DHO found that Petitioner indeed committed the prohibited act and sanctioned him to a) disallowance of 41 days of earned good time credit; 2) forfeiture of 27 days of non-vested good time credit; 3) 30 days of disciplinary segregation; and 4) six months loss of commissary. (Dkt. No. 1-3 at 7.) On May 14, 2014, Petitioner received a copy of the DHO's report that outlined her decision, the evidence she relied on, and the reasons for the sanctions imposed. (Dkt. No. 1-3 at 8.) Petitioner appealed the DHO's decision to the Regional and Central Offices through the administrative remedy process to no avail.[2] (Dkt. No 23 at 3-5.) Petitioner has exhausted his administrative remedies, so review by this Court is appropriate.

## Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact [so] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would impact the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine"

---

[2] Petitioner was the subject of another incident report on February 1, 2014 for the same type of offense. Petitioner has challenged the proceedings related to that incident on similar substantive grounds (6:16-cv-00304).

if the evidence offered could cause a reasonable jury to find for the non-moving party on the issue of fact. *Id.* at 257. The moving party has the burden of showing the Court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets this burden, the Petitioner must demonstrate that specific material facts exist which create a genuine issue. *Id.* at 322-23. The Court will construe all inferences and ambiguities in favor of the non-moving party, in this case, the Petitioner, when it determines whether a genuine issue has been raised. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

## Discussion

Petitioner seeks relief on four separate grounds. This Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on all four.[3]

Ground 1: Petitioner claims that the BOP abused its discretion and violated his due process rights when it denied his request for additional time to appeal the DHO's decision. Petitioner was entitled to the due process protections in his disciplinary proceedings as outlined *Wolff v. McDonnell*, 418 U.S. 539 (1974), because he faced possible loss of good conduct time. These protections include: (1) at least 24 hours advance written notice of the charges; (2) a written statement by the fact-finder as to evidence relied upon in decision; (3) a written statement by the fact-finder as to the reason for disciplinary action taken; (4) an opportunity to call witnesses and present documentary evidence, if institutional safety will not be jeopardized; (5) counsel substitute if the inmate is illiterate or the case is complex; and (6) an impartial hearing

---

[3] The allegations and requests for relief in this petition are substantially the same as presented in Petitioner's separate Section 2241 Petition. *See Bauer v. Warden*, 6:16-cv-304-RMG.

tribunal. *Id.* at 563-71. The Court agrees with the Magistrate's determination that Petitioner received each of the due process protections required under *Wolff*. (Dkt. No. 23 at 8).

Petitioner claims in particular that his right to due process was violated when the BOP 1) delayed sending him the DHO report, which, coupled with his transfer, caused him undue hardship and forced him to miss the filing deadline for a BP-10 to the regional office; 2) denied his request for additional time to appeal the DHO's decision; and 3) did not give him sufficient access to legal materials. (Dkt. Nos. 1 at 8; 1-2 at 5.).

The Court finds that Petitioner's transfer did not impact his ability to file a timely appeal and that he received the DHO's report with sufficient time to file an appeal. Petitioner did not receive the DHO's decision outside of the 15-day period outlined in the BOP's policy. The DHO signed the report on May 8, 2014, and it was delivered to Petitioner on May 14, 2014 – just seven days later. Petitioner was not transferred until July 14, 2014, about two months later, so had ample time to meet the 20-day deadline for appeal of DHO decisions. In any event, Petitioner does not have a constitutional right to the extension of time to file a grievance. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Petitioner claims that he did not have adequate access to the law library while he was housed in SHU. He states that he did not have access to the library "except for 1-2 hours a week at best," that the "printer was broken and one of the computers was down," and that he had to share the library with others in the SHU. (Dkt. No. 1-2 at 5.) Petitioner also claims that his personal legal materials were packed in storage for his transfer. Petitioner has not plead facts sufficient to show that limitations on his access to the library had any impact on his ability to pursue a legal claim or otherwise caused him any injury. *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th Cir.2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not

-4-

explain how he was injured by any limitations on his access to a law library). As a result, there is no genuine issue of material fact as to whether petitioner was injured by his limited access to the law library as his rejected appeals of the DHO's decision were not based on a late filing.

Ground 2: Petitioner claims that the DHO was not an unbiased, independent fact finder which he is entitled to by law. Petitioner did have a due process right to an impartial decision-maker under *Wolff*, 418 U.S. at 571, but must plead facts sufficient to show "a level of bias that made 'fair judgment impossible.'" *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Petitioner has made only conclusory allegations that the DHO who presided over his hearing was "not a neutral finder-of-fact as required by Law during my DHO hearing" and "never asked how I plead nor allowed me to present any evidence in support of my defense." (Dkt. 1-2 at 5-6.) The Court finds that there is no genuine dispute of material fact about whether the DHO in this case was impartial since Petitioner has provided no facts - other than insufficient conclusory allegations - which suggest otherwise.

Ground 3: Petitioner claims that he could not have committed the offense outlined in the DHO's report because he was not housed at the facility listed in the report (FCC Medium) at the time of the offense. Although Petitioner was indeed housed at FCC Low when he committed the offense and was transferred to SHU at FCC Medium after he was charged, this type of typographical mistake cannot support allegations of a due process violation. *See Marin v. Bauknecht*, C.A. No. 8:07-0165-JFA-BHH, 2007 WL 3377152, at *4 (D.S.C. Nov. 9, 2007) (typographical error on DHO report was harmless and did not cause petitioner to be prejudiced) (citing *Brown v. Braxton*, 373 F.3d 501 (4th Cir. 2004) (holding that petitioner had not demonstrated he was harmed by officer's failure to call a witness); *Powell v. Coughlin*, 953 F.2d

744, 750 (2d. Cir. 1991) (applying harmless error to prison disciplinary proceedings)). More importantly, Petitioner has not shown that this typographical error created any prejudice against him during the course of his disciplinary proceedings.

Ground 4: Petitioner claims he was prejudiced when he was not allowed to attend weekly and monthly administrative detention reviews while he was in SHU. Under 28 C.F.R. § 541.26, the BOP reviews an inmate's status at intervals when the inmate is in administrative detention or disciplinary segregation. Petitioner claims that, because he could not attend the hearings, he was not able to "access any information nor evidence in [his] defense." (Dkt. No. 1-2 at 7). Petitioner argues that had he been able to attend these reviews he could have shared the information about the promise his counselor gave him that if he plead guilty he would receive a lenient sanction. (Dkt. 1 at 10.) This Court agrees with the Magistrate Judge that attendance at these hearings every seven days is not relevant to the question of whether Petitioner received the due process protections in the disciplinary hearing process he is entitled to under *Wolff*. This claim is also not appropriate within a 28 U.S.C. § 2241 petition because it is not relevant to the execution of Petitioner's sentence. *See Huff v. Ziegler*, C.A. No. 2:10-cv-89, 2010 WL 5536308, at *3 (N.D. W. Va. Aug. 20, 2010) (Petitioner's action not appropriate under § 2241 because it related to where he was housed and why but had no relevance to the "execution of his sentence, i.e., the fact or length of his confinement"). Petitioner's forum for presenting witnesses and evidence regarding the infraction was at his DHO hearing, not at the BOP segregation reviews that are held on a weekly and monthly basis to review each inmate's status of confinement.

For these reasons, the Court grants Respondent's motion for summary judgment on Petitioner's procedural due process claims. The Court also finds that Petitioner received substantive due process in his disciplinary hearing because the DHO's decision was based on

"some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). The DHO's decision in this case was based on ample evidence, including the reporting officer's eye-witness observations and Petitioner's three separate admissions to the offense. Petitioner claims that he only admitted the alcoholic substance was his because his counselor promised he would receive lenient treatment in exchange. (Dkt. No. 1-2 at 8-9.) Petitioner had several opportunities to come forward with this information at his hearing which, as explained above, was void of any procedural due process deficiencies. He could have called a witness, requested a staff representative, or stated the fact directly to the DHO. This Court is satisfied that Petitioner received both the substantive and procedural due process protections to which he is entitled.

The Court therefore **ADOPTS** the Report and Recommendation (Dkt. No. 30) as the Order of the Court, and **GRANTS Respondent's motion for summary judgment.**

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 23, 2017
Charleston, South Carolina